This honorable court is now in session, please be seated and come forward. All right, our third case this morning is Sanchez v. Sessions, Ms. Jackson. May it please the court. Good morning, my name is Tiffany Lipscomb Jackson and I'm counsel for Petitioner Ricardo Sanchez. Petitioner has asked this court to review the Board of Immigration Appeals denial of his motion to reopen based on two critical errors. First, the BIA failed to adequately explain its decision addressing the petitioner's ineffective assistance of counsel claim to allow this court to perform a meaningful review of that decision as required by numerous cases from the Seventh Circuit. Second, the BIA applied the wrong legal standard to petitioner's ineffective assistance of counsel claim. Specifically, when considering the prejudice prong of that claim, the court applied a standard of probability of success on the merits instead of the proper possibility of success on the merits. The standard both parties agreed to. Ms. Lipscomb Jackson, the government agrees that we have jurisdiction both in view of the legal errors that Mr. Sanchez is alleging and the independent basis relief that his cases present. So would you agree that we don't need to address the broader jurisdictional question of whether any denial of a motion to reopen is reviewable? Your Honor, I would agree that if this court is comfortable that it has jurisdiction to consider petitioner's arguments as they've been presented by petitioner, specifically in the inadequate explanation argument, which respondent has reframed in his briefing as an argument that the court ignored evidence. That's not petitioner's argument here. If the court is comfortable that it has jurisdiction to review that argument as framed that way, then no, the greater MOTA question does not have to be resolved. However, I will say that this court could decide a portion of the MOTA piece specific to this case without getting to the broader question of whether MOTA in and of itself gives courts of appeals jurisdiction over all motions to reopen. The court could say that at minimum, MOTA allows a court of appeal to review any process or procedural challenges to a motion to reopen that are distinct from the underlying relief that is being sought by the initial application. That's exactly what's happening here. Petitioner's arguments, both of them, the inadequate explanation and the improper legal standard, both go to the process of the motion to reopen and not the underlying substance of the relief sought. So there's that avenue as well as the avenue that has been pointed out in the briefing in terms of Iglesias and other cases that suggest that the inadequate explanation argument petitioner raises is itself a question of law. Going to the inadequate explanation argument, the parties seem to agree that the BIA is to understand that it's heard and thought and not merely reacted to the motion to reopen. That simply didn't happen here. The BIA devoted four sentences to petitioner's ineffective assistance of counsel claim, and I think it's important to break each of those sentences down. The first one was just a tertiary statement of petitioner's argument. The second listed in categorical fashion the evidence the petitioner attached to the motion, and that list was not complete as respondent concedes. The third sentence simply said, upon consideration, the BIA was not persuaded that this evidence met the standard it was applying to petitioner's claim, a standard that we submit was incorrect. And the fourth statement was simply a restatement of the third, which is that petitioner had not satisfied the prejudice problem. That's it. That's the total of what the BIA said here. There was no analysis or discussion of how the petitioner failed to meet the standard the BIA was applying, no discussion of how or if it weighed the evidence that it listed. The parties in this court are left to speculate as to what the BIA found wanting in petitioner's presentation, and that is insufficient under this court's precedent. This court has said that the BIA is required to issue opinions with rational explanations and adequate analysis of the record. There was no explanation here, let alone an adequate explanation. This court has also said that it cannot affirm the BIA if the basis for its decision is not clear. Again, here, there's no way to know why the BIA found that petitioner's new evidence did not meet the standard it was applying. Now respondent has spent about four pages in his briefing trying to outline what the evidence, but that's not the role for respondent or the role of this court, is the BIA's responsibility to explain its decisions and provide its rationale, and it did not do that here. The motion to reopen is an important safeguard to ensure that the immigration proceedings are being administered in a lawful manner. This court cannot ensure that that right is being fairly administered if there's no explanation in the BIA's decision for which this court should review. Put another way, as a panel of this court said in granting a motion to stay petitioner's deportation in this case, a blanket rejection of all of the alien's evidence precludes meaningful review of the decision. Without meaningful review, there's no way to know if the BIA is administering the motion to reopen in the manner in which it is supposed to be administered. And for that reason, this court should remand the BIA for further consideration. Now this basis in and of itself is enough to remand, but it's not the only error the BIA made here. The BIA also applied the wrong standard to petitioner's ineffective assistance of counsel claims. Again, the parties agree that the correct standard when looking at the prejudice prong is whether the petitioner has established the possibility of success on the merits, but for ineffective assistance of counsel. Here the BIA used the phrase would likely have altered as the standard it was applying to petitioner's claim. And just on its face, those words suggest a standard much higher than possibility. Likelihood suggests more than 50%, which is more than mere possibility. And that matters in this case because the specific evidence that petitioner attached to his motion to reopen went directly to an area that the immigration judge found wanting in the initial presentation. So whether the BIA applied a possibility standard or a probability standard matters because there's evidence to be weighed. This is not a circumstance where the petitioner had no evidence, like some of the cases that the respondent has cited to support the notion that would likely have altered is an acceptable articulation of the standard. Here there is evidence, and the BIA's responsibility is to look at that evidence, weigh it compared to the correct standard, and determine whether it believes that the petitioner has met his burden. And that's what we ask the court to do here, is to remand this case back to the BIA with instructions to apply a possibility standard and to explain its decision so that all the BIA has satisfied its responsibilities under the statutes. If there are no further questions at this time, I'll reserve the rest of my time for rebuttal. All right. Thank you. Thank you. Mr. Hogan. Good morning. May it please the court, Brendan Hogan for the government. In this case, the petition for review should be dismissed because this court lacks jurisdiction to review the review petition without a colorable constitutional claim or a question of law. Specifically, as the parties agree, 1252A2D provides this court jurisdiction to review two questions. One, whether the board applied the proper legal standard in determining prejudice, and two, whether the board issued a fulsome decision or considered all the evidence in this case. Regarding the prejudice standard, the board understood that it's a standard of potentiality. It cited Batula, it articulated that standard in a parenthetical citing to Batula, and then on top of that, as cited in Respondent's Answer in Brief, this court has articulated prejudice standard in many ways, and it's worth pointing out, in their motion to reopen, the would-have-likely-altered standard was basically what the petitioner in this case advocated to the board for review. Yeah, but it seems to me that the board's likely-would-have-altered-the-outcome language is inconsistent with the more lenient standard of possibility we have articulated for ineffective claims. It seems to me this presents a fairly straightforward case for remanding the matter to the board for reconsideration using the correct standard. And I must say, your argument has me a bit flummoxed, because I thought you agreed in the briefs that the alleged legal errors in the new independent basis for relief suffice to establish this court's jurisdiction here, and that we need not go further and consider whether any denial of a motion to reopen is reviewable. Well, again, your Honor, with regards to the legal standard, the would-have-likely-altered standard, the board cited the correct standard in the parenthetical, and again, this court in many decisions, whether it's Silas, or Hamid, or I believe it's Kohl and Visky, have used in this case, and again, it did cite the standard articulated in Batula in the parenthetical. And again, the standard which the board used arguably was the one advocated by Petitioner himself in his motion to reopen. Moving on. Look, this court's cases require only that counsel's errors actually had the potential for affecting the outcome of the proceedings, and that's El Gassaway v. Holder. That's a 2012 case. And that one quoted Raphael v. Mukasey, which is a 2008 case. So, look, the standard in our circuit is one of possibility rather than probability. At any rate, that's certainly the way I view it. Well, if this court were to find that the wrong standard was used, as we articulated in our brief under Lopez v. Lynch, even if the standard was incorrect, if the result would have been, will be the same on remand, remand would be futile, which then goes to the second point raised by Petitioner, which is, was all the evidence considered? Was there a fulsome decision? And with respect, there was, your Honor. The only thing submitted in this case was the Petitioner's own affidavit, letters and affidavits from co-workers and his wife, and I believe a clergy member, basically attesting to his good moral character, but not pointing to what evidence could have been submitted below to change the result in the case. The two Elvis Children's First certificates, and I believe the only evidence not addressed by the board in this case was a one-sentence letter from the children's school stating only the children are enrolled, which doesn't, it's not hardship evidence, your Honor. Well, Mr. Hogan, I promise to go back and reread, okay? If you will promise that you will go back and reread our precedents. Yes, ma'am. I promise. Yes, your Honor. I promise. Okay. Okay. We have a, we, we, we have a, agreement we call, go ahead. Would the, does the panel have any, I'm sorry, I did not hear you, Judge Bauer. Senator, we have an agreement between you and counsel. Does the panel have any additional questions? Then we rest on our briefs. Thank you. All right. Ms. Muscom, Jackson. Thank you, your Honors. I have just one more, one point I'd like to make in rebuttal. Respondent mentioned the Lopez case and essentially argued that there's harmless error or futility in this case. That analysis isn't proper in this instance for, for at least two reasons. First, there is no categorical bar to the type of release petitioner is seeking here. And that was the case in Lopez. When there's a categorical bar, there's no weighing that the BIA needs to do related to evidence. And so in that case, this court could look at the evidence and say, there's no reason to send it back. That's not the case here. Lopez is inapplicable. The second reason is there's never been any weighing of the evidence in this case. And that is the BIA's job in the first instance. This court should not go in as the first body to look at the evidence, weigh it as to the proper standard, and make a determination. That's how the, the structure is set up that the BIA should do that in the first instance. So futility and harmless error simply don't apply here. If the court has no further questions, we ask that this court remand this case back to the BIA for application of the correct legal standard and a fulsome analysis of its decision. Thank you, your Honors. Thank you. Thanks to both counsel. Ms. Lidscombe-Jackson, you took this on a pro bono basis? Yes. All right, well the court appreciates your efforts in that regard. Get an additional thanks for that. Case is taken under advisement and the court will proceed.